IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL DOYLE RUGGLES,<br><br>Plaintiff,<br><br>v.<br><br>DAVID IGE, *et al.*,<br><br>Defendants. | Case No. 20-cv-00247-DKW-KJM<br><br>**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On May 28, 2020, Plaintiff Michael Ruggles, proceeding *pro se*, filed a civil complaint on behalf of "himself as a private attorney general . . . and the nearly 30,000 medical cannabis patients in the State of Hawaii," Dkt. No. 1, alleging violations of the federal civil Racketeer Influenced and Corrupt Organizations Act (RICO or Act), 18 U.S.C. § 1961 *et seq.*; federal and state constitutional due process and equal protection rights; and the right to assembly under the First Amendment.[2] Ruggles lodges his complaint against eight **Government Defendants** in their individual and official capacities (Hawaii State Governor David Ige; Hawaii Attorney General Clare E. Connors; the Director of the State Department of Public

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2]*See* Dkt. No. 1 at 3, 12, 22–28, 34, 68–69.

Safety (DPS), Nolan Espinda; the Chairperson of the State Department of Land and Natural Resources, Suzanne Case; the Director of the State Department of Health, Bruce S. Anderson; County of Hawaii prosecuting attorney Mitch Roth; Hawaii Police Department Chief Paul Ferreira; and U.S. Attorney General William P. Barr), and eight **Private Entity Defendants** (Aloha Green Holdings, Inc.; Manoa Botanicals; TCG Retro Market 1, LLC, dba Cure Oahu; Hawaii Ethos, LLC; Lau Ola, LLC, dba, Big Island Grown Dispensaries; Maui Wellness Group LLC, dba, Maui Grown Therapies; Pono Life Sciences Maui LLC; and Green Aloha Ltd., dba, Have a Heart). Dkt. No. 1 at 6–11. Rather than pay the civil filing fee, Ruggles also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. Because the IFP Application is incomplete, it is DENIED WITHOUT PREJUDICE.

## **DISCUSSION**

An action may only proceed without concurrent payment of the filing fee if the party is granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Here, Ruggles has failed to do so. Although Ruggles states in his IFP Application, Dkt. No. 2, that he

2

is retired; receives social security benefits in the amount of $550; works "occasional jobs pouring cement"; has $500 in a checking or savings account; and a 2/5 interest in two acres of land located in Mountain View, Hawaii, the application is deficient in several respects.  In particular, Ruggles has failed to do the following:

(1) Fully respond to questions 2, 3 and 5;

(2) State how much per month he receives from "occasional jobs pouring cement";

(3) Indicate whether or not he receives income from any of the other sources listed in question 3;

(4) Fully describe the *value* of his 2/5 interest in the two acres of land located in Mountain View, Hawaii, including whether he receives any income from rent, and what portion of the equity in the land is his.

As such, the Court cannot meaningfully assess Ruggles' allegation of poverty and, thus, the IFP Application, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

"IFP status is a privilege, not a right . . ."  *See, e.g.*, *Rodriguez*, 169 F.3d at 1179; *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), *cert. denied*, 382 U.S. 896 (1965).  In part, this is because "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)).  Accordingly, if Ruggles elects to continue with this action, **he must fully complete and sign the Court's Application to Proceed *in forma pauperis*, or pay the civil filing fees in full.   Failure to do so will result in automatic dismissal of this action.**  28 U.S.C. § 1915(e)(2)(A) (establishing that a court "shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."); In re *Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of *pro se* litigant's claim for failure to pay required filing fees).  Should Ruggles file a new IFP Application, he must include the missing information identified above as well as the information he has provided thus far in his IFP Application.

Where, as here, a *pro se* litigant fails to qualify for *in forma pauperis* status, a court is not required to take any further action on the applicant's lawsuit until the litigant has paid the filing fee.  *See* 28 U.S.C. § 1915(a)(1); *Rodriguez v. Cook*, 169 F.3d at 1177.  Thus, until Ruggles has done so, the Court will take no action on Ruggles request for an "immediate injunction" closing the eight Private Entity Defendants' medical cannabis dispensaries and forbidding the Government Defendants and their agencies from participating in any cannabis-related "investigations, aerial or ground eradications, criminal cannabis law enforcement . . . 'D.A.R.E.' programs, 'Weed and Seed' or other anti-marijuana programs . . ." Dkt. No. 1, 11, 17, 68–69.  Moreover, Ruggles' requests do not fall within the "very

few circumstances justifying the issuance of an ex parte [temporary restraining order]." *See, e.g.*, *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed by . . . Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *cf.* Fed.R.Civ.P. 65(b)(1).

## **CONCLUSION**

Plaintiff's application to proceed *in forma pauperis*, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

The Clerk of Court is DIRECTED to mail Plaintiff a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) and the accompanying instruction sheet so that he may comply with this Order.

IT IS SO ORDERED.

Dated: June 17, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Michael Doyle Ruggles v. David Ige, et al*; Civil No. 20-00247 DKW-KJM; **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**