IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL DOYLE RUGGLES,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR DAVID IGE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF HAWAIʻI, ET AL.,<br><br>Defendants. | Case No. 20-cv-00247-DKW-KJM<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PARTIAL LEAVE TO AMEND** |

On May 28, 2020, Michael Doyle Ruggles, proceeding pro se, filed a Complaint against sixteen defendants, including Hawaiʻi state and county officials, eight licensed medical marijuana dispensaries, and United States Attorney General William Barr. Dkt. No. 1. Ruggles' primary claim appears to be that the governmental defendants' passage and enforcement of federal and state drug laws related to marijuana acquisition, possession, use, and distribution is unconstitutional and that defendants' conspiratorial conduct related to the same violates RICO. *Id.* Thirteen Defendants have moved to dismiss the Complaint. Dkt. Nos. 42, 43, 44, 58. As discussed below, the Court GRANTS the motions to dismiss WITH PARTIAL LEAVE TO AMEND.

## **RELEVANT BACKGROUND**

Plaintiff's 71-page Complaint is difficult to follow. He appears to admit that he is a medical marijuana user who wishes to distribute marijuana to others in a fashion similar to what the medical marijuana dispensaries are licensed to do under state law. Because he is not able to do so as a result of the allegedly unconstitutional statutory and regulatory scheme created by Defendants, he asserts a 42 U.S.C. § 1983 claim against them for violating his Due Process and Equal Protection rights. Dkt. No. 1 at 12–15, 59. He also alleges Defendants' conduct violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* at 12–15.

Plaintiff seeks a host of injunctions and other relief: (1) declaring unconstitutional Hawaiʻi's marijuana dispensary and asset forfeiture laws; (2) ordering all licensed marijuana dispensaries in the state to close; (3) prohibiting state and county officials from enforcing, or even training to enforce, the marijuana laws; (4) ordering forensic audits of several state agencies; and (5) appointing Department of Justice officials to investigate state offices responsible for promulgating and enforcing marijuana laws. Dkt. No. 1 at 68–70.

Defendants Ige, Connors, Espinda, Case, and Anderson ("State Defendants") and Defendants Roth and Ferreira ("County Defendants" and, collectively with State Defendants, "Government Defendants") filed motions to dismiss on

August 4, 2020.  Defendants TCG Retro Market I, LLC, Pono Life Sciences, LLC and Hawaiian Ethos, LLC also filed a motion to dismiss on August 4, 2020, while Defendants Manoa Botanicals, LLC and Maui Wellness Group, LLC filed a motion to dismiss on August 19, 2020 (collectively "Dispensary Defendants"). Defendants' motions collectively argue that Plaintiff fails to state a claim upon which relief may be granted either because his claims fail as a matter of law or because he fails to allege sufficient facts to support his claims.

This Order now follows.

## STANDARD OF REVIEW

### I.      Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

## II.     Pro Se Status

The Court liberally construes a pro se litigant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim, *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), and may deny leave to amend where amendment would be futile, *see, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## **DISCUSSION**

Construing Plaintiff's complaint liberally, Plaintiff appears to make three claims against all sixteen defendants:

- RICO claim: pursuant to 18 U.S.C. § 1964(c), Plaintiff claims injury to his business or property through Defendants violation of § 1962 of RICO;

- Due Process claim: pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff claims Defendants deprived him of a right to acquire, possess, use, and distribute medical marijuana by enforcing federal and state drug and asset forfeiture laws; and

- Equal Protection claim: pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff claims Defendants violated the rights of Hawaiʻi medical marijuana patients, including himself, to be treated equally to licensed marijuana dispensaries and individuals engaged in other medical treatments.

Dkt. No. 1.

Plaintiff asserts his prayer for relief on the latter two claims pursuant to 42 U.S.C. § 1983.  *Id.* at 3 ("bringing this civil 1983/RICO action").  As discussed below, Plaintiff's claims either fail as a matter of law or he fails to plead sufficient factual allegations to state a plausible claim.  *See Iqbal*, 556 U.S. at 678.

## I. RICO Claim

To make out a civil RICO claim, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citations and internal quotation marks omitted); *see also* 18 U.S.C. § 1964(c). An exclusive list of "racketeering activities" is established at 18 U.S.C. § 1961(1).

### A. RICO Claims Against Government Defendants

As an initial matter, all RICO claims against the Government Defendants in their official capacities must be dismissed with prejudice.[1] A claim against a government official "in his official capacity 'is, in all respects other than name, to be treated as a suit against the entity.'" *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). And government entities are "'incapable of forming the malicious intent' necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Cnty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th

---

[1] This includes United States Attorney General William Barr; Hawaiʻi Governor David Ige; Hawaiʻi Attorney General Clare Connors; Hawaiʻi Department of Public Safety Director Nolan Espinda; Hawaiʻi Department of Land and Natural Resources Director Suzanne Case; Hawaiʻi Department of Health Director Bruce Anderson; Hawaiʻi County Prosecuting Attorney Mitch Roth; and Chief of Hawaiʻi Police Paul Ferreira.

Cir. 1991)).[2]  As such, all RICO claims against Government Defendants in their official capacities are dismissed with prejudice.[3]

Plaintiff has failed to plead facts sufficient to infer that the Government Defendants, in their individual capacities, engaged in racketeering activities.[4] Despite Plaintiff's repeated use of the word "racketeering" in his Complaint, the conduct he alleges the Government Defendants engaged in is the passage and enforcement of laws aimed at regulating the acquisition, possession, use, and distribution of marijuana.[5]  *See e.g.*, Dkt. No. 1 at 16 (claiming racketeering by keeping marijuana classified as a Schedule 1 controlled substance); 28, 36 (by regulating distribution of marijuana); 30 (by drafting administrative rules). Plaintiff states this clearly: "[a]ll of the injuries suffered by the Plaintiff in these numbered paragraphs were directly caused by the actions of the GOVERNMENT

---

[2]Plaintiff cites *Pelfresne v. Vill. Of Rosemont*, 22 F. Supp. 2d 756, 761–62 (N.D. Ill. 1998) as contradicting the *Pedrina* court's holding.  *See* Dkt. No. 59 at 12–14.  Whatever the law may be in the Seventh Circuit, law *in this Circuit* precludes Plaintiff's RICO claims against Government Defendants in their official capacities.

[3]Plaintiff's RICO claims against the Hawai'i Governor, the Hawai'i Attorney General, and the Hawai'i Department of Health Director in their official capacities were dismissed on the same grounds in *Ruggles v. Governor David Ige, etc., et al.*, 2017 WL 427498 (D. Haw. 2017).

[4]Because failure to satisfy this element sinks Plaintiff's claim, analysis of the other elements is unnecessary.  *See Living Designs, Inc.*, 431 F.3d at 361.  In preparing any amendment, however, Plaintiff should be mindful of each of the RICO elements outlined above.

[5]In an attempt to establish Defendants engaged in "racketeering activity," Plaintiff claims the racketeering included obstructing interstate commerce by "robbery and extortion and/or by threats of physical violence or fear of injury, under color of official right, in violation of 18 U.S.C. § 1951."  Dkt. No. 1 at 37.  But Plaintiff pleads no facts other than the enforcement of federal and state drug and asset forfeiture laws in the abstract to support this legal conclusion.  *See id.*; *see also Bell Atl. Corp.*, 550 U.S. at 570 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

DEFENDANTS creating and enforcing unconstitutional statutes and administrative rules." *Id.* at 59.

The creation and enforcement of statutes and administrative rules—even those that may later be found unconstitutional—do not constitute predicate acts upon which a RICO claim may rest. *See* 18 U.S.C. §§ 1961(1), 1962. And as Plaintiff alleges no facts supporting an inference that the Government Defendants engaged in any other predicate acts, the Court does not find any support for Plaintiff's RICO claim against them in their individual capacities. Because this defect may (theoretically) be cured by amendment, all RICO claims against the Government Defendants in their individual capacities are dismissed without prejudice.

### B. RICO Claims Against Dispensary Defendants

Similarly, Plaintiff fails to allege specific facts demonstrating that any of the Dispensary Defendants engaged in predicate acts subjecting them to RICO liability. Plaintiff's allegations against the Dispensary Defendants amount to little more than a recitation of their status as licensed medical marijuana dispensaries under Hawaiʻi law. Dkt. No. 1 at 34 (dispensaries can grow more and larger marijuana plants than private growers); 35 (they can acquire marijuana from each other and approved sources); 38 (they struggled to comply with Hawaiʻi marijuana laws); 48 (they were issued licenses to operate).

In an apparent attempt to allege that the Dispensary Defendants did something akin to "racketeering activity," Plaintiff states they used "their offices and the mail (and internet) to promote and sell [marijuana]." *Id.* at 49–50, 59. How promoting a state-licensed business amounts to illegal or even unethical conduct, much less racketeering, is not evident.  The same is true of Plaintiff's allegation that the State, together with the "Dispensary Defendants[,] unconstitutionally threatened certain retailers [with prosecution for] selling certain [marijuana] products" without a license.  Dkt. No. 1 at 58.  Plaintiff offers no authority for the proposition that attempting to halt the illegal sale of controlled substances amounts to racketeering.

Plaintiff also fails to allege facts showing the Dispensary Defendants constitute an "enterprise" under RICO, *see* 18 U.S.C. § 1961(a)(4), or injured "his business or property," entitling him to relief, *see* 18 U.S.C. § 1964(c).  Thus, all RICO claims against the Dispensary Defendants are dismissed.  Because this defect too may (theoretically) be cured by amendment, the dismissal is without prejudice.

## II.    42 U.S.C. § 1983 Claim

To establish a 42 U.S.C. § 1983 claim, plaintiffs must plead "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002,

9

1009 (9th Cir. 2014) (citing *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)) (internal quotation marks omitted). Here, Plaintiff alleges Defendants violated his rights to Due Process and Equal Protection. *E.g.*, Dkt. No. 1 at 58. Plaintiff fails to state a claim upon which relief can be granted on either theory.

Generally, state officials may not be sued in their official capacities under 42 U.S.C. § 1983 because such suits are equivalent to suits against the State itself, and States are not "persons" subject to suit under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). However, there is "one vital exception" to this general rule: when state officials are sued for prospective injunctive relief, a 42 U.S.C. § 1983 suit against them in their official capacities may lie. *Flint*, 488 F.3d at 825 (citing *Will*, 491 U.S. at 71 n.10). As Plaintiff seeks only prospective injunctive relief, *see* Dkt. No. 1 at 68–70, the Court considers his 42 U.S.C. § 1983 claims against State Defendants in both their individual and official capacities.[6]

---

[6]This includes United States Attorney General William Barr. While federal officials are typically immune from suit under 42 U.S.C. § 1983, "[i]t is well settled that federal officials sued in their official capacity are subject to injunctive relief under § 1983 if they 'conspire with or participate in concert with state officials who, under color of state law, act to deprive a person of protected rights.'" *Cabrera v. Martin*, 973 F.2d 735, 741–42 (9th Cir. 1992) (quoting *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983)). Such conspiracy, while perhaps without sufficient factual basis, is at least alleged here.

### A. Due Process

Liberally construing the Complaint, it appears Plaintiff bases his Section 1983 claim on an alleged constitutional right to the unfettered access to medical marijuana. Dkt. No. 1 at 24, 26, 68; *see also* Dkt. No. 61 at 4 ("[s]urely a sick person's right to choose to use a medicine[, marijuana,] legally allowed in his State qualifies as a fundamental right").[7]

As Defendants point out, however, no such right is recognized under the Constitution. *See Raich v. Gonzales*, 500 F.3d 850, 867, 869 (9th Cir. 2007). In *Raich*, the Ninth Circuit was presented squarely with the question of whether the right "to use marijuana to preserve bodily integrity, avoid intolerable pain, and preserve life" was fundamental and thus a substantive Due Process right protected by the United States Constitution. *Id.* at 864. The court held it is not. *Id.* at 867 ("federal law does not recognize a fundamental right to use medical marijuana"); *see also United States v. Christie*, 825 F.3d 1048, 1065–66 (9th Cir. 2016) (denying due process challenge to marijuana's classification as a Schedule I controlled substance).[8] Whether public sentiment and state laws regarding

---

[7]Plaintiff's contention is not crystal clear because he also alleges the contrary. Dkt. No. 60 at 13–14 ("Plaintiff is not claiming he has a constitutional right to medical [marijuana]"). If access to medical marijuana, however, is not the constitutional or statutory right on which Plaintiff bases his Section 1983 claim, then the alleged fundamental right is not present in the Complaint, and Plaintiff's Due Process claim may not proceed for that reason.

[8]The Court notes that *Raich* involved a plaintiff seeking access to medical marijuana *in compliance with* California state law. *Raich*, 500 F.3d at 854–57. The issue was whether plaintiffs' rights under the state law allowing controlled medical use of marijuana established a fundamental right to medical marijuana and immunized plaintiffs from criminal liability under

11

marijuana as a medical treatment have evolved since *Raich* is irrelevant.  As the Ninth Circuit has ruled on this precise issue, this Court is bound by it.[9]

As a result, Plaintiff's Section 1983 claims, premised on Defendants' alleged violations of Plaintiff's Due Process right to the unfettered access to medical marijuana, are dismissed with prejudice because amendment would be futile.

### B. Equal Protection

"To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).  Where the identified class is not "protected," any regulation treating that class differently "need only be rationally related to legitimate legislative goals to pass constitutional muster."  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)) (internal quotation marks

---

the Controlled Substances Act (either because it was generally unconstitutional or as applied to plaintiffs).  *Id.*  Here, Plaintiff is not asserting a right to medical marijuana in compliance with Hawaiʻi state law, but unfettered access to medical marijuana.  *See generally*, Dkt. No. 1.  As such, the asserted right here is on even shakier footing than that raised in *Raich*.

[9]Plaintiff tries to cleverly couch his asserted right in other fundamental rights.  Dkt. No. 1 at 34, 68 (right to assemble by allowing medicinal marijuana patients to transfer marijuana among themselves); 64 (right to be "free from persecution and incarceration over a plant"); 64, 68 (right to be free from corruption in government offices); 65 (right to be secure in one's home without "a military task force coming out of the sky to count a patient's ten (10) [marijuana] plants"); 65 (right of patients to travel with their medical marijuana).  But just as the Ninth Circuit in *Raich* found the plaintiff's "careful statement" did not "narrowly and accurately reflect the right" at issue, so too does the Court find here.  *See* 500 F.3d 850, 864 (9th Cir. 2007).

omitted). Rational basis review is a highly deferential standard. *See Heller v. Doe by Doe*, 509 U.S. 312, 320–21 (1993). "A statute is presumed constitutional, and '[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'" *Id.* at 320 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

Plaintiff raises one class of individuals—Hawaiian medical marijuana patients—whom he alleges are treated differently from two other groups. *E.g.*, Dkt. No. 1 at 37–38, 67. First, he alleges this class is subject to acquisition, growth, possession, purchase, and distribution restrictions to which licensed medical marijuana dispensaries in the state are not. *See id.* at 67 (asking for "patients" to be "treated the same as dispensary owners"). Second, he alleges this class cannot travel with medical marijuana as freely as other patients can travel with their prescribed medications. Dkt. No. 1 at 37–38.

Medical marijuana users do not comprise a constitutionally protected class. *Wilson v. Lynch*, 835 F.3d 1083, 1098 (9th Cir. 2016). As such, rational basis review applies. *See Lee*, 250 F.3d at 687. This Court need not conduct such a review in the first instance, despite its evident outcome, as other courts have already done so. For instance, a rational basis for designating marijuana a Schedule I controlled substance and, thus, restricting its possession, use, and distribution, was expressly declared by the Supreme Court in *Gonzales v. Raich*,

13

545 U.S. 1 (2005); *see also United States v. Rogers*, 549 F.2d 107, 108 (9th Cir. 1976) (rejecting argument laws regulating marijuana were irrational); *United States v. Pickard*, 100 F. Supp. 3d 981, 1005–06 (E.D. Cal. 2015) (collecting cases finding same).

As to Plaintiff's claims to disparate treatment under Hawai'i's marijuana dispensary laws, regulation of the use and distribution of medication has been held to be rationally related to a legitimate state interest in public health. *See Carnohan v. U.S.*, 616 F.2d 1120, 1122 (9th Cir. 1980) ("Constitutional rights of privacy and personal liberty do not give individuals the right to obtain [medication] free of the lawful exercise of government police power"); *see also United States v. Cannabis Cultivator's Club*, 1999 WL 111893, *1 (N.D. Cal. 1999) (applying *Carnohan* and holding patients "do not have a constitutional right to obtain [medical] marijuana . . . free of government police power").

Thus, Plaintiff's claims premised on Defendants' alleged violations of his Equal Protection rights are dismissed with prejudice because amendment would be futile.[10]

---

[10] Plaintiff *references* his 2015 arrest and prosecution for marijuana distribution-related offenses. Dkt. No. 1 at 60–62. Plaintiff appears to reference this as an illustration of how medical marijuana patients have been "persecuted," and not as support for a stand-alone selective prosecution claim. Thus, the Court does not address it as such, but notes any claim related to that episode is likely timed barred. *See Pele Def. Fund v. Party*, 837 P.2d 1247, 1259 (Haw. 1992) (declaring a two-year statute of limitations for 42 U.S.C. § 1983 claims); *see also* HAW. REV. STAT. § 657-7 (2020). In addition, Plaintiff's repeated references to similarly situated persons being prosecuted for marijuana-related offenses severely weakens any selective prosecution claim he may bring. *See* Dkt. No. 1 at 13, 57, 63–64.

### III. Preliminary Injunction Requests

Construing Plaintiff's complaint liberally, he appears to be petitioning the court for two preliminary injunctions in addition to other relief. Dkt. No. 1 at 11 ("Plaintiff demands Expedited Injunctions due to the ongoing irreparable injury to created class"). Specifically, Plaintiff requests: "IMMEDIATE" closure of all eight licensed medical marijuana dispensaries in Hawaiʻi; and "IMMEDIATE INJUNCTIONS" forbidding state law enforcement from receiving grants related to and engaging in enforcement of state and federal marijuana laws. *Id.* at 68–69. The Court DENIES both requests.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). For a Court to grant a preliminary injunction, a plaintiff must establish: (1) likely success on the merits; (2) likelihood of irreparable injury absent the injunction; (3) the balance of equities tip in his favor; and (4) the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 20). The Court need look no further than the first factor to deny all injunctive relief. Because, as detailed above, Plaintiff has failed to state any claim for which relief can be granted, he cannot establish a likelihood of success on the merits.[11] All preliminary injunctive relief is DENIED.

---

[11] The Court additionally notes, with regard to Plaintiff's request to order the closure of medical marijuana dispensaries, that Plaintiff admits such an order would be against the public interest.

Finally, Plaintiff's request that this Court dictate how governments prioritize their law enforcement efforts offends traditional separation of powers principles. *Chadha v. Immigration and Naturalization Serv.*, 634 F.2d 408, 421 (9th Cir. 1980) ("[t]he Supreme Court has placed it beyond dispute that the doctrine of separation of powers is vital for constitutional government") (citations omitted). Plaintiff complains that the Dispensary Defendants are not prosecuted for breaking federal marijuana laws, *e.g.*, Dkt. No. 1 at 33, 49, and likewise receive a pass from the state, which chooses to enforce marijuana laws only as against individual offenders, *id.* at 13, 57, 63–64. Because these grievances are not remediable by this Court, *see Nixon v. United States*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Schlesinger v. Reservists Comm. To Stop the War*, 418 U.S. 208, 225 (1974) (acknowledging a longstanding reluctance of the federal courts to entertain "generalized grievances about the conduct of government") (citations and internal quotation marks omitted), they may not be part of this or any amended complaint.

---

Dkt. No. 1 at 68 (Dispensary Defendants "are providing a necessary service" to patients prescribed medical marijuana who cannot grow it themselves).

# **CONCLUSION**

The motions to dismiss, Dkt. Nos. 42, 43, 44, and 58, are GRANTED, such that the following claims are DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND:

1. RICO claims against Government Defendants in their official capacities.

2. Due Process claims against all Defendants.

3. Equal Protection claims against all Defendants.

The motions to dismiss are GRANTED WITHOUT PREJUDICE and WITH LEAVE TO AMEND as to the following:

1. RICO claims against Government Defendants in their individual capacities.

2. RICO claims against Dispensary Defendants.

Plaintiff may not incorporate any part of the original Complaint, Dkt. No. 1, in any amended complaint he may file. In addition, in the amended complaint, Plaintiff must allege **all** claims that he seeks to pursue in this case. To the extent any claims are not alleged or re-alleged in an amended complaint, they may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (stating that claims dismissed with prejudice need not be re-alleged

17

in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

Plaintiff may have until October 5, 2020 to file an amended complaint to the extent allowed herein. **The Court cautions Plaintiff that failure to file an amended complaint by October 5, 2020 may result in the dismissal of this case without further notice.**

IT IS SO ORDERED.

Dated: September 21, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Michael Doyle Ruggles v. Governor David Ige, Individually and in his Official Capacity as Governor of the State of Hawaiʻi, et al.*; Civil No. 20-00247-DKW-KJM; **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PARTIAL LEAVE TO AMEND.**