IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MICHAEL DOYLE RUGGLES,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR DAVID IGE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF HAWAI`I, ET AL.,<br><br>Defendants. | Case No. 20-cv-00247-DKW-KJM<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

Plaintiff Michael Doyle Ruggles filed his original complaint on May 28, 2020. On September 21, 2020, in response to several motions to dismiss, this Court dismissed that Complaint with partial leave to amend. After Ruggles filed a First Amended Complaint ("FAC") on October 5, 2020, Defendants again moved to dismiss the claims against them. As discussed below, because Ruggles has failed to rectify the deficiencies in his original complaint, Defendants' motions to dismiss are GRANTED, and the case is DISMISSED.

## RELEVANT BACKGROUND

Ruggles' FAC, like his original complaint, establishes that he is a medical marijuana user who wishes to possess, grow, and distribute marijuana to others in a

fashion similar to what the medical marijuana dispensaries are licensed to do under state law.  Dkt. No. 70 at 6.  Ruggles argues that Defendants' collective participation in the medical marijuana dispensary program—writing and enforcing state marijuana possession and distribution laws, establishing the regulatory scheme for dispensaries, and operating the dispensaries themselves—constitutes a criminal enterprise.  *Id.* at 11–20.  As part of this enterprise, Defendants allegedly expended income derived from racketeering activities, conducted or participated in racketeering activities, and conspired to do the same.  *Id.*  Ruggles' claimed injury as a result of these activities is hard to discern.  It appears he is alleging Defendants commenced an unlawful asset forfeiture and prosecution action against him and harmed him generally by not allowing him to possess, grow and distribute medical marijuana in a manner similar to state-licensed dispensaries.  *Id.* at 3–4, 13, 17.

Similar to his original complaint, the FAC asks the Court for a host of injunctive remedies: (1) ruling Hawaiʻi's Asset Forfeiture program unlawful; (2) ordering audits of certain county offices; (3) ordering state officials to promulgate regulations related to asset forfeiture and marijuana possession and distribution; and; (4) if the state cannot find a way to treat him like state-licensed dispensaries under current state medical marijuana laws, ruling Hawaiʻi's medical marijuana program unlawful.  *Id.* at 13, 17, 20.

Between October 13 and 16, 2020, the following parties filed motions to dismiss:

- Manoa Botanicals, LLC, Maui Wellness Group, LLC, TCG Retro Market I, LLC, Pono Life Sciences Maui, LLC and Hawaiian Ethos, LLC (the "Dispensary Defendants"), Dkt. Nos. 73, 75;

- Ige, Connors, Espinda, Case, and Anderson (the "State Defendants"), Dkt. No. 78; and

- Roth and Ferreira (the "County Defendants" and, collectively with the State Defendants, the "Government Defendants"), Dkt. No. 76.

Defendants' motions collectively argue that Ruggles once again fails to state a claim upon which relief may be granted because he fails to allege sufficient facts to support his only remaining claim based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The motions have now been fully briefed. This Order follows.

## STANDARD OF REVIEW

### I. Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

3

P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

## II.    Pro Se Status

The Court liberally construes a pro se litigant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66

F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim, *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), and may deny leave to amend where amendment would be futile, *see, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

In the FAC, Ruggles claims Defendants injured his business or property by violating Section 1962 of RICO. Dkt. No. 70. Specifically, Ruggles advances three counts: (1) the Government Defendants expended income derived from racketeering activities in violation of Section 1962(a); (2) all Defendants conducted or participated in racketeering activities in violation of Section 1962(c);[1] and (3) the Government Defendants conspired to violate Sections 1962(a), (b), or (c). Dkt. No. 70 at 11–20. As discussed below, Ruggles fails to state a plausible claim under any count.

**I.     Racketeering Activity (Counts I and II)**

To make out a civil RICO claim under Section 1962(c), a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property."

---

[1] It appears this is the only count Ruggles brings against the Dispensary Defendants. *See* Dkt. 70 at 11, 18.

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citations and internal quotation marks omitted); *see also* 18 U.S.C. §1964(c). Ruggles fails to allege facts to support each of these elements. Most pointedly, he fails to plead facts that would "allow[] the court to draw the reasonable inference" that any Defendant engaged in any racketeering activity. *See Iqbal*, 556 U.S. at 678 (citation omitted).[2]

Racketeering activity is, in essence, "any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 481–82 (1985) (citing 18 U.S.C. § 1961(1)). In dismissing Ruggles' original complaint, the Court further explained:

> Despite Plaintiff's repeated use of the word "racketeering" in his Complaint, the conduct he alleges the Government Defendants engaged in is the passage and enforcement of laws aimed at regulating the acquisition, possession, use, and distribution of marijuana . . . The creation and enforcement of statutes and administrative rules—even those that may later be found unconstitutional—do not constitute predicate acts upon which a RICO claim may rest. *See* 18 U.S.C. §§ 1961(1), 1962.

---

[2]Because failure to satisfy this element alone sinks Ruggles' Section 1962(c) claim, analysis of the other elements is unnecessary. *See Living Designs, Inc.*, 431 F.3d at 361. The Court notes, however, that Ruggles has also failed to properly allege Defendants acted as part of an "enterprise,"—his allegations in this regard amount to no more than legal conclusions. *See, e.g.*, Dkt. No. 70 at 10 ("Defendants actions . . . comprise an ongoing conspiracy enterprise"), 14 ("Defendants are associated with the enterprise by long time participation").

Dkt. No. 69 at 7–8.  It appears Ruggles has not heeded this message because the FAC suffers from precisely the same defect.

One cannot understand the activities Ruggles alleges the Government Defendants engaged in as anything other than government officials lawfully exercising the authority inherent in their offices.  *See e.g.*, Dkt. No. 70 at 10 (creating a medical marijuana distribution program that treats dispensaries different from medical marijuana patients); 11–12 (enforcing the state's Asset Forfeiture Program); 14 (prosecuting Ruggles for allegedly unlawfully distributing medical marijuana); 15 (conducting a sting operation to uncover unlawful distribution of medical marijuana); 16 (determining who may distribute medical marijuana under state law).  Simply put, government officials exercising their lawful authority to create and execute state laws does not, and cannot, constitute racketeering activity.  *See* 18 U.S.C. § 1961(1).  Ruggles' claims that the Government Defendants expended income derived from racketeering activity in violation of Section 1962(a) fail for similar reasons.  *See* Dkt. No. 70 at 11–14.  The income Ruggles alleges the Government Defendants expended was derived from the execution of the state's Asset Forfeiture Program and federal grants for law enforcement activities.  *Id.* at 11–14.  There is nothing unlawful or even untoward in government officials lawfully exercising the authority inherent in their offices to enforce state laws and receiving grants that assist them in doing so.  And because

the Court cannot reasonably infer racketeering activities occurred, it cannot reasonably infer any Defendant unlawfully expended income derived from such activities. *See* 18 U.S.C. § 1962(a). Thus, all Count I and II claims against the Government Defendants must be DISMISSED.[3]

The FAC also fails to allege facts supporting a conclusion that the Dispensary Defendants engaged in any racketeering activity. The following is the extent of the conduct Ruggles alleges the Dispensary Defendants engaged in: (1) they can transfer marijuana to patients and caregivers in greater amounts than home-growers, (2) they sell medical marijuana to patients; and (3) they can grow more and larger marijuana plants than medical marijuana patients. Dkt. No. 16–19. As the Dispensary Defendants point out, Dkt. No. 75 at 11, these activities, just like those alleged in Ruggles' original complaint, "amount to little more than a recitation of [the Dispensary Defendants'] status as licensed medical marijuana dispensaries under Hawaiʻi law." Dkt. No. 69 at 8. In other words, Ruggles is alleging only that the Dispensary Defendants are acting *in compliance* with state medical marijuana laws. Such conduct does not, and cannot, constitute

---

[3] The State Defendants are correct, Dkt. No. 78-1 at 4–6, that all RICO claims in the FAC against the Government Defendants could also be dismissed because claims against government officials for official conduct amounts to claims against the government itself, *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citation omitted), and RICO claims against the government fail as a matter of law. *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (citation omitted). In fact, such claims were already dismissed by this Court. Dkt. No 69 at 6–7; *see also Ruggles v. Governor David Ige, etc., et al.*, 2017 WL 427498, at *5 (D. Haw. 2017) (dismissing similar claims on the same grounds).

racketeering activity and, thus, all Count II claims—the only claims against the Dispensary Defendants—must be DISMISSED.

## II.     Conspiracy (Count III)

In Count III, Ruggles alleges the Government Defendants conspired to violate Sections 1962(a), (b), or (c) of the RICO statute.  Dkt. No. 70 at 10, 18–20. Ruggles claims, "Defendants have intentionally conspired and agreed to directly and indirectly use or invest income (unreported profits from administrative forfeitures) that is derived from a pattern of racketeering activity in an interstate enterprise (threats and extortion, armed robbery of patient's medicine)." *Id.* at 19. This amounts to a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements."  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   That is, as the County Defendants argue, Dkt. No. 76-2 at 9, Ruggles alleges no *facts* to support a conclusion Defendants so conspired.

Notably, nowhere does Ruggles allege facts to support finding an agreement between Defendants to engage in unlawful activity—a baseline requirement in alleging conspiracy—to support his claim.  *See Salinas v. United States*, 522 U.S. 52, 63–64 (1997) (explaining general elements of conspiracy apply to Section 1962(d)); *see also United States v. Fiander*, 547 F.3d 1036, 1040–1043 (9th Cir. 2008).   In what has become the signature of Ruggles' filings, Count III recites only the activities of government officials lawfully exercising the authority

9

inherent in their offices. *See, e.g.*, Dkt. No. 70 at 18 ("Defendant Ige has not vetoed or complained about or requested changes" to Hawaiʻi's medical marijuana laws); *id.* at 18–19 (Government Defendants promulgated regulations and executed Hawaiʻi's medical marijuana laws); *id.* at 19 (County Defendants revoked Ruggles' medical marijuana card in conjunction with prosecution for alleged illegal medical marijuana distribution).

Because Ruggles fails to plead facts allowing this Court to reasonably infer Defendants conspired to violate Sections 1962(a), (b), or (c) of the RICO statute, his Count III claims must be DISMISSED.

## **CONCLUSION**

Ruggles' "RICO claims" are not RICO claims at all. They are a way of grasping at straws that do not exist; that is, Ruggles is searching in vain for a legal mechanism to get this Court to force his state government to change state laws with which he disagrees.[4] Rarely, if ever, is that the proper role of this Court and, certainly, it is not so here.

Defendants' motions to dismiss, Dkt. Nos. 73, 75, 76, and 78, are GRANTED. Accordingly, all claims in Plaintiff's FAC, Dkt. No. 70, are

---

[4] Ruggles all but admits this. *See* Dkt. No. 80 at 11 (requesting the Court order the State Defendants to "draft administrative rules allowing the medical [marijuana] patients [like himself] and caregivers to transfer excess [marijuana] and paraphernalia between themselves" in a manner only legally permitted by dispensaries).

DISMISSED.[5]   Because Ruggles was provided "notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," *Lucas*, 66 F.3d at 248, and has failed to correct those deficiencies, this dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 16, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Michael Doyle Ruggles v. Governor David Ige, Individually and in his Official Capacity as Governor of the State of Hawaiʻi, et al.*; Civil No. 20-00247-DKW-KJM; **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

---

[5]Though several defendants did not file motions to dismiss, the claims against them are nonetheless dismissed for the same reasons set forth above.  *See Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (citations omitted).   The Court notified Ruggles of this possibility when it granted leave to amend.   Dkt. No. 69.